**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

AJAX 2018-REO LLC, C/O GREGORY FUNDING LLC,

                     Plaintiff,

       - v -                               Civ. No. 1:19-CV-1617
                                         (GTS/DJS)
ANTHONY ROSSLER, *et al.*,

                     Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

ANTHONY ROSSLER
Defendant *Pro Se*
1458 Vley Road
Schenectady, New York 12302

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION AND ORDER**

     This matter was removed to this Court by Defendant *pro se* Anthony Rossler. Dkt. No. 1. The Notice of Removal indicates that the matter was removed from Glenville Town Court. *Id.* at p. 1. The Notice of Removal, however, does not include any pleading brought by Plaintiff against Defendant in that court. In fact, the only document attached to the Notice is a Stipulation of Settlement. *Id.* at p. 5.

     As Senior District Court Judge Gary L. Sharpe recently noted in a case involving the same parties, proper removal to federal court typically requires the defendant to include as part of the notice of removal "a copy of all process, pleadings, and orders

served upon such defendant or defendants in such action." *Ajax 2018-Reo LLC, c/o Gregory Funding LLC, v. Rossler*, 1:19-CV-1452, Dkt. No. 6 at p. 2 (quoting 28 U.S.C. § 1446(a)). Judge Sharpe remanded the matter to the local court finding that Defendant's failure to include the relevant state court papers precluded the Court from ascertaining whether the matter was timely removed and whether the Court had jurisdiction. *Id.* at pp. 3-5. Defendant's inclusion of the settlement agreement in this removal attempt does not cure the defects identified by Judge Sharpe and so the Court recommends that this matter be remanded.

Defendant states that the state court action was commenced by the filing of a "detainer summons." Dkt. No. 1 at p. 2. That pleading is not included in the Notice of Removal. *See id.* The settlement agreement included with the Notice of Removal is dated October 16, 2019. The federal removal statute, 28 U.S.C. § 1446(b), requires that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Similar to the situation Judge Sharpe faced, Defendant alleges that he was served with the relevant state court pleading "during the last month, 2019," Dkt. No. 1 at p. 2; *Ajax 2018-Reo LLC, c/o Gregory Funding LLC, v. Rossler*, 1:19-CV-1452, Dkt. No. 6 at p. 3, but without a copy of that pleading an assessment of the timeliness of this

2

removal cannot be made. Given that Defendant attaches only a settlement agreement it is impossible for the Court to ascertain if there is an active state court matter pending.

While the Court recognizes that Defendant is proceeding *pro se,* Judge Sharpe's prior decision clearly outlined the defects in Defendant's prior attempt to remove this matter, and the present Notice of Removal does not remedy those defects. For the reasons set forth above in Judge Sharpe's prior Order, the Court recommends that this matter be remanded to the Glenville Town Court from which it was removed.[1]

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, this matter be remanded to Glenville Town Court; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v.*

---

[1] The Court notes that Defendant has separately commenced an action against the Plaintiff in this case and Bank of America, *Rossler v. Bank of America, N.A., et al.*, 1:19-CV-1618 (MAD/DJS), which appears to relate to similar factual matters.

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

*Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: February 4, 2020
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge